Filed: 5/12/2022 11:39 AM
Lynne Finley
District Clerk
Collin County, Texas
By Katrina Shelby Deputy
Envelope ID: 64441497

CAUSE NO. 471-02366-2022

| | | |
|---|---|---|
| NATALIE PLOETZ, | § § § § | IN THE DISTRICT COURT |
| *Plaintiff,* | | |
| v. | § § | ____ JUDICIAL DISTRICT |
| FIREMAN'S FUND INSURANCE COMPANY, | § § § § | |
| *Defendant.* | § | COLLIN COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

Plaintiff Natalie Ploetz files this Original Petition against Defendant Fireman's Fund Insurance Company, and in support thereof would respectfully show the Court the following:

### I.
### DISCOVERY LEVEL

1. Discovery is governed by Level 3 of Rule 190.4 of the TEXAS RULES OF CIVIL PROCEDURE.

### II.
### PARTIES

2. Plaintiff Natalie Ploetz ("Ploetz" or "Plaintiff") is an individual residing in Tarrant County, Texas.

3. Defendant Fireman's Fund Insurance Company ("FFIC" or "Defendant") is a corporation formed under the laws of the State of California, with its principal office located at 777 San Marin Drive, Novato, California 94998. FFIC may be served through its registered agent for service of process, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

PLAINTIFF'S ORIGINAL PETITION PAGE 1

## III.
## JURISDICTION AND VENUE

4. The Court has subject matter jurisdiction over this matter because Plaintiff seeks damages within the jurisdictional limits of this Court.

5. The Court possesses personal jurisdiction over Defendant under the Texas Long-Arm Statute, Texas Civil Practice & Remedies Code § 17.042, *et. seq.*, because Defendant has engaged in acts which constitute doing business in the State of Texas, including but not limited to, conducting business in the State, and entering into a contract with Plaintiff, a Texas resident, which is performable in whole or in part in the State of Texas.

6. Venue is proper in Collin County, Texas as that is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred. TEX. CIV. PRAC. & REM. CODE 15.002(a)(1).

## IV.
## TRCP 47 STATEMENT

7. Plaintiff seeks only monetary relief of $250,000 or less, excluding interest, statutory or punitive damages and penalties, and attorney's fees and costs. TEX. R. CIV. P. 47(c)(1).

## V.
## FACTUAL BACKGROUND

8. Ploetz purchased a Private Event Cancellation Insurance Policy ("Policy"), numbered OLP1047224, from FFIC as insurance coverage for her daughter's upcoming wedding and related activities ("Private Event"). The Policy named Ploetz as the Insured, Nicole K. Ploetz, the bride, as Honoree 1, and Jonathan Gidley, the groom, as Honoree 2.

9. The original Policy Period had an inception date of February 29, 2020, and expiration date of April 21, 2020, and provided for a Policy Limit of $25,000 with a $1,000 deductible in the event of a cancellation or postponement.

PLAINTIFF'S ORIGINAL PETITION                                                                                    PAGE 2

10. The Policy required payment of a Premium in the amount of $226.42. Ploetz paid the Premium in full in February 2020 when she acquired the Policy.

11. As a result of the COVID-19 pandemic, the Private Event was postponed from April 19, 2020 to June 21, 2020.

12. Ploetz secured a General Change Endorsement for the Private Event and extended the Policy Period through June 23, 2020. With the exception of the expiration date, the Amended Policy maintained the same terms and conditions as the Policy.

13. At the time of the rescheduled Private Event, Jonathon Gidley was a Second Lieutenant in the United States Marine Corps and was stationed at the Dam Neck Naval Base located in Virginia Beach, Virginia. (Jonathan Gidley has since been promoted to First Lieutenant, Reserve Status and will be referred to herein as First Lieutenant Gidley). First Lieutenant Gidley's requests for a leave of absence and approval to travel to Texas to attend the Private Event were denied by the United States Marine Corps. Approval for both—leave of absence and to travel—were required for First Lieutenant Gidley to travel to Texas to attend the Private Event.

14. The Private Event, rescheduled for June 21, 2020, was cancelled as a result of First Lieutenant Gidley's unavailability.

15. On June 27, 2020, Ploetz timely filed an Incident Report – Private Event Cancellation with FFIC with a claim in the amount of $22,656.30 ("Incident Report"). The Incident Report stated the reason for the claim, First Lieutenant Gidley's unavailability, and included an itemized breakdown of the non-refundable expenses for the Private Event.

16. FFIC denied Ploetz's claim on January 22, 2021, on the basis that the "Decisions of You Or The Honoree" and "Regulation or Law" exclusions included in the Policy applied to Ploetz's loss. Specifically, FFIC stated that the "Regulation or Law" exclusion applied because

the cancellation was due to the Department of Defense and United States Marine Corps' travel restriction orders, and the "Decisions of You Or The Honoree" exclusion applied to the extent the Private Event was cancelled instead of postponed or rescheduled.

17. The Policy provides various exclusions for coverage under the "**PRIVATE EVENT CANCELLATION INSURANCE PROPERTY COVERAGE**" section, including, in relevant part, "Decisions Of You Or The Honoree," "Regulation or Law," and "Nonappearance or Unavailability."

    a. The "Decisions Of You Or The Honoree" exclusion specifically applies to claims when the "Private Event is Cancelled or Postponed due to a decision by [the Insured] or the Honoree not to proceed with or take part in the Private Event or any accompanying ceremony or ritual."

    b. The "Regulation or Law" exclusion applies to claims when the "Private Event is Cancelled or Postponed due to any regulation or law of any local, state or federal authority."

    c. The "Nonappearance or Unavailability" exclusion applies when the "Private Event is Cancelled or Postponed due the nonappearance or unavailability of any person" with the exception of "[the insured], the Honoree, the immediate family of the Honoree, the person engage to perform the ceremony or ritual, and . . . any attendants of the Honoree."

18. Contrary to FFIC's contention, the Private Event was not cancelled due to a decision to cancel or postpone by Ploetz or either of the named Honorees, nor was the Private Event cancelled as result of a law or regulation. Instead, the Private Event was ultimately cancelled due to the unavailability of First Lieutenant Gidley, a named Honoree under the Policy.

19. FFIC has failed and refused to pay Ploetz in accordance with its obligations under the Policy, even though Ploetz has suffered damages that are well-established and were timely provided to FFIC.

20. FFIC has failed and refused to make an attempt to settle Ploetz's claim in a fair manner, although its liability to Ploetz under the Policy is indisputable, in violation of § 541.060(a)(2)(A).

21. Ploetz cooperated with FFIC through FFIC's investigation of Ploetz's claim, yet FFIC ignored the obvious reason for the cancellation of the Private Event – First Lieutenant Gidley's unavailability – and instead wrongfully determined that the reason for cancellation was the result of some decision of Ploetz or the Honorees and/or a regulation or law.

22. Ploetz appealed FFIC's denial of her claim, and exhausted all administrative remedies available to her, but FFIC has remained steadfast in its denial based on the "Decisions of You or the Honoree" and "Regulation or Law" exclusions to the Policy.

## VI.
## VIOLATIONS OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT

23. Ploetz incorporates by reference the allegations contained in the preceding paragraphs.

24. FFIC has engaged in certain false, misleading and deceptive acts, practices and/or omissions actionable under the Texas Deceptive Trade Practices – Consumer Protection Act ("DTPA"), as alleged herein below. TEX. BUS. & COM. CODE § 17.01, et seq.

25. FFIC has engaged in an "unconscionable action or course of action" to Ploetz's detriment, by taking advantage of the lack of knowledge, ability, experience, or capacity of Ploetz to an unfair degree. TEX. BUS. & COM. CODE, § 17.45(5).

26. FFIC engaged in unfair claim settlement practices prohibited by Section 541.060 of the TEXAS INSURANCE CODE, including:

- misrepresenting to a claimant a material fact or policy provision relating to coverage at issue; and

- failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear.

27. FFIC's acts, practices, and/or omissions complained of herein are the producing cause of Ploetz's damages more fully described below. FFIC's acts, practices, and/or omissions were done "knowingly," which entitles Ploetz to seek treble damages pursuant to the DTPA. The acts, practices, and/or omissions complained of under Chapter 541 of the TEXAS INSURANCE CODE were relied upon by Ploetz to her detriment.

## VI.
## BREACH OF INSURANCE CONTRACT

28. Ploetz incorporates by reference the allegations contained in the preceding paragraphs.

29. Ploetz entered into a valid and enforceable contract with FFIC to provide insurance coverage for the Private Event in exchange for the payment of a premium.

30. Ploetz tendered performance by timely making payment of the premium to FFIC.

31. FFIC breached the contract when it incorrectly denied coverage for the nonrefundable expenses Ploetz incurred for the Private Event after the Private Event had to be cancelled due to the unavailability of First Lieutenant Gidley.

32. As a result of FFIC's breach, Ploetz has suffered actual damages, consequential damages, attorneys' fees, prejudgment interest, and other litigation expenses and costs of court.

## VIII.
### VIOLATIONS OF THE TEXAS INSURANCE CODE

33.     Ploetz incorporates by reference the allegations contained in the preceding paragraphs.

34.     At all pertinent times, FFIC was engaged in the business of insurance as defined by the TEXAS INSURANCE CODE. TEX. INS. CODE § 541.001, et seq,, and § 542.001, et. seq.

35.     The acts and omissions of FFIC and its agents constitute one or more violations of the TEXAS INSURANCE CODE. Specifically, FFIC denied Ploetz's claim even though FFIC knew the Policy covered cancellations of the covered event as a result of the unavailability of an Honoree of the policy. The Private Event, covered by the Policy, was cancelled as a result of the unavailability of First Lieutenant Gidley, an Honoree of the Policy. FFIC denied coverage based on other inapplicable exclusions to the Policy.

36.     FFIC's conduct herein violates the following provisions of the TEXAS INSURANCE CODE:

   a.  Insurance Code Chapter 542A, the Prompt Payment Act;

   b.  Insurance Code § 542.003(b)(1) and TEXAS ADMINISTRATIVE CODE § 21.203;

   c.  Insurance Code Chapter 541, Section 541.060 by, among other things:

   - misrepresenting to a claimant a material fact or policy provision relating to coverage at issue; and

   - failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear.

37.     As a result of the foregoing conduct, which was and is the producing cause of injury and damage to Ploetz, Ploetz has suffered damages including, without limitation, actual damages, economic damages, and consequential damages.

38. Moreover, one or more of the foregoing acts or omissions were "knowingly" made, entitling Ploetz to seek treble damages pursuant to the Insurance Code.

39. FFIC also violated the Prompt Payment Act, and Ploetz seeks the maximum statutory penalty, plus the reasonable and necessary attorneys' fees incurred as a result of these violations.

## IX.
### ATTORNEYS' FEES AND STATUTORY INTEREST

40. Ploetz incorporates by reference the allegations contained in the preceding paragraphs.

41. Ploetz is entitled to recover her reasonable and necessary attorneys' fees from FFIC under Chapter 38 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE, Chapters 541 and 542 of the TEXAS INSURANCE CODE, Chapter 17 of the TEXAS BUSINESS AND COMMERCE CODE, and other applicable law.

42. Pursuant to Section 542.060 of the TEXAS INSURANCE CODE, Ploetz is further entitled to recover statutory interest at the rate of eighteen percent (18%), compounded annually, on the amount of the denied claim.

43. Ploetz has been required to engage the services of the undersigned counsel and has agreed to pay the attorneys a reasonable fee for services expended and to be expended in the prosecution of her claims against FFIC through the trial court and all levels of the appellate process. Ploetz is seeking the recovery of all of her attorneys' fees and expenses.

44. With respect to all causes of action asserted herein, Ploetz seeks the recovery of prejudgment and post-judgment interest.

## X.
### CONDITIONS PRECEDENT

45. Ploetz incorporates by reference the allegations contained in the preceding paragraphs.

46. All conditions precedent to bringing this suit under the Policy and to Ploetz's recovery in this action have occurred or have been performed. All notices, complaints, or demands were timely and properly given in such a manner so as to fully comply with the terms and conditions of the Policy and applicable law.

47. In the alternative, Ploetz alleges that as to any such terms, conditions, notices, or requirements, FFIC has waived them, is estopped from asserting them, and/or Ploetz substantially complied with them. Ploetz makes the same allegations of waiver or estoppel to every defense or exclusion pled by FFIC.

## XI.
### EXEMPLARY DAMAGES

48. Ploetz incorporates by reference the allegations contained in the preceding paragraphs.

49. Ploetz is entitled to exemplary damages for FFIC's intentionally wrongful conduct, and because such acts were committed with that level of mental culpability for which Texas law allows a jury to impose punitive damages, and Ploetz seeks an award of such damages.

## XII.
### MENTAL ANGUISH DAMAGES

50. Ploetz incorporates by reference the allegations contained in the preceding paragraphs.

51. Ploetz would further show that the false, misleading and deceptive acts, practices and/or omissions described above were committed "knowingly," as provided by Section 17.45(9)

of the TEXAS BUSINESS AND COMMERCE CODE, in that FFIC had actual awareness of the falsity, deception, or unfairness of such acts, practices, and/or omissions.

52. As a result of such acts, practices and/or omissions, Ploetz sustained a high degree of mental pain and distress of such nature, duration and severity that would permit the recovery for mental anguish pursuant to Section 17.50(b) of the TEXAS BUSINESS AND COMMERCE CODE, and for which Ploetz hereby sues in an amount in excess of the minimum jurisdictional limits of this Court.

## XIII.
## JURY DEMAND

53. Ploetz requests that a jury be convened to try the factual issues in this action.

## XIV.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff Natalie Ploetz prays that Defendant Fireman's Fund Insurance Company be cited to appear and answer, and that on final hearing, Plaintiff be awarded judgment against Defendant for all damages suffered as a result of Defendant's act, practices, and/or omissions, prejudgment interest, post-judgment interest, reasonable and necessary attorneys' fees and costs, exemplary damages, statutory damages, and such other and further relief to which she may be justly entitled.

Respectfully submitted,

**BROWN FOX PLLC**

By: /s/ Brandi J. McKay
BRANDI J. MCKAY
State Bar No. 24075380
brandi@brownfoxlaw.com
MORGAN M. BULLER
State Bar No. 24109670
morgan@brownfoxlaw.com
6303 Cowboys Way, Suite 400
Frisco, Texas 75034
(972) 707-1860 (Telephone)
(214) 327-5001 (Facsimile)

**ATTORNEYS FOR PLAINTIFF NATALIE PLOETZ**